[Cite as *Hamilton Builders & Remodelers, L.L.C. v. Wise Auto Care & Cycle Ctr.*, 2016-Ohio-6962.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HAMILTON BUILDERS AND REMODELERS, LLC. | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 16-CA-19 |
| WISE AUTO CARE AND CYCLE CENTER | O P I N I O N |
| Defendant-Appellee | |

CHARACTER OF PROCEEDING:  Appeal from the Fairfield County Municipal
Court, Case No. 16CVI00413

JUDGMENT:  Affirmed

DATE OF JUDGMENT ENTRY:  September 21, 2016

APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

ANDREW WISE, PRO SE    ROBERT HAMILTON, PRO SE
c/o Wise Auto Care & Cycle Center  c/o Hamilton Builders & Remodelers
71 High St.          P.O. Box 1955
Carroll, Ohio 43112      Buckeye Lake, Ohio 43008

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Hamilton Builders and Remodelers, LLC. appeals the May 10, 2016 Entry entered by the Fairfield County Municipal Court, which denied its request to vacate the Judgment Entry filed May 4, 2016. Defendant-appellee is Wise Auto Care and Cycle Center.

## STATEMENT OF THE CASE [1]

**{¶2}** Appellant filed a small claim complaint against Appellee on March 7, 2016. The complaint included notice of trial to be held on April 20, 2016.

**{¶3}** Appellee filed a counterclaim against Appellant on March 28, 2016.

**{¶4}** Appellant requested a continuance of the trial date, which the trial court granted on April 11, 2016. The trial court rescheduled the trial for May 4, 2016. Notice of the new trial date was served on both parties.

**{¶5}** Appellant failed to appear for trial. The trial proceeded on Appellee's counterclaim. Via Judgment Entry filed May 4, 2016, the trial court dismissed Appellant's complaint for want of prosecution and entered judgment against Appellant on Appellee's counterclaim in the amount of $3,000.00 plus court cost and interest.

**{¶6}** Appellant filed a request to vacate the judgment against it and reschedule its complaint for trial. The trial court denied Appellant's request via entry filed May 10, 2016.

**{¶7}** It is from that judgment entry Appellant prosecutes this appeal.

**{¶8}** We begin by noting Appellant's brief fails to comply with Appellate Rule 16 in a myriad of ways, not the least of which is to include a statement of the assignments of

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

error presented for review. Such failure constitutes sufficient grounds to dismiss this appeal for want of prosecution. We elect not to do so and will address Appellant's argument on the merits.

{¶9} This case comes to us on the accelerated calendar governed by App.R. 11.1, which states the following in pertinent part:

{¶10} "**(E) Determination and judgment on appeal**

{¶11} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶12} The decision may be by judgment entry in which case it will not be published in any form."

{¶13} This case shall be decided in accordance with that rule.

{¶14} The standard of review employed by an appellate court of a trial court's decision on a motion to vacate is whether the trial court abused its discretion. To find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable.

{¶15} Given Appellant's failure to appear for trial, particularly after having been granted a previous continuance, we do not find the trial court abused its discretion in denying Appellant's request to vacate.

{¶16} The judgment of the trial court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur